IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE WILLIAMS, | No. 2:13-CV-0365-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SOLANO COUNTY JAIL, | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

8        Plaintiff appears to allege that the Solano County Jail is liable for injuries he
9  sustained in a fight with white inmates.  Municipalities and other local government units are
10 among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs.,
11 436 U.S. 658, 690 (1978).  Counties and municipal government officials are also "persons" for
12 purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439,
13 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts
14 of its employees or officials under a respondeat superior theory of liability.  See Bd. of County
15 Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions
16 of the municipality, and not of the actions of its employees or officers.  See id.  To assert
17 municipal liability, therefore, the plaintiff must allege that the constitutional deprivation
18 complained of resulted from a policy or custom of the municipality.  See id.  A claim of
19 municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing
20 more than bare allegations that an individual defendant's conduct conformed to official policy,
21 custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.
22 1988).

23       Here, plaintiff states:

24     . . . The module [at the jail] was not evenly populated and I and my
    cellie was the only black inmates in the module that was in general
25     population and because of this I was put at risk of retaliation.  This fail
    place inmates at risk of racial tention [sic] by allowing inmate to pick and
26     choose if they can put all Black or all white on bed card.  With doing that

2

the [sic] create racial tention [sic] within modules. . . .

These allegations suggest plaintiff's claim that the Solano County Jail is liable for plaintiff's alleged injuries by "allowing" a particular situation to arise which created "racial tention [sic]." Plaintiff has not, however, identified any particular custom or policy instituted by the Solano County Jail which resulted in the alleged injuries.

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: June 26, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE